Timothy CRAYTON, Plaintiff— Appellant,

v.

STATE OF CALIFORNIA DEPART- MENT OF CORRECTIONS; et al., Defendants—Appellees.

No. 02–17231.

D.C. No. CV–98–04386–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Jan. 8, 2004.

Timothy Crayton, pro se, Soledad, CA, for Plaintiff–Appellant.

Jessica N. Blonien, AGCA-Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM**

California state prisoner Timothy Crayton appeals pro se the district court's judgment for defendants in his 42 U.S.C. § 1983 action alleging violation of his constitutional rights and his rights under the American With Disabilities Act ("ADA")

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and the Rehabilitation Act ("RA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.

The district court properly denied Crayton's motion for summary judgment because he failed to demonstrate that he was entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The district court correctly concluded that Crayton's request for a modified typewriter was rendered moot because he received the typewriter during the course of the proceedings.

The district court correctly granted summary judgment on Crayton's remaining claims because Crayton failed to establish a violation under the Eighth and Fourteenth Amendments or the ADA and RA. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686–87 (9th Cir.2001) (requiring evidence of invidious intent in action alleging equal protection violations); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138–40 (9th Cir.2001) (holding to establish ADA and RA claim plaintiff must show he suffered intentional discrimination due to a disability); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir.2002) (holding that an Eighth Amendment excessive force claim requires showing that defendant applied force "maliciously and sadistically for the very purpose of causing harm").

Finally, the district court properly exercised its discretion under 28 U.S.C. § 1367(c) and declined to exercise supplemental jurisdiction over Crayton's state law claims. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir.2001).

Crayton's remaining contentions are unpersuasive.

**AFFIRMED.**